of the defendants, who, at the time, was in their joint employment. It appears that the tracks of these two railway companies intersect and cross each other at Western avenue, in the city of Chicago, and that for the purpose of regulating, controlling and signaling trains about to pass over the crossing, and to determine the order in which they should cross, said companies had erected and were using a signal station near the crossing, said station being furnished with a semaphore to be used by day, and with lights of different colors to be displayed at night, as signals to approaching trains. At the time of the injury to the plaintiff's intestate, of which he died, one Henry E. Torrence had charge of said signal station. He seems to have been employed by the Chicago & Northwestern Railway Company at a fixed salary, which was paid him by the two companies, and his duties required him to signal and direct the movements of all the trains approaching the crossing on either railway. The deceased at the time was a conductor in the service of the Chicago and Northwestern Railway Company, and was in charge of and running a train belonging to that company. As he was approaching the crossing in the night time, through the negligence of Torrence in the use of the prescribed signals, as is alleged, a collision took place between the engine of his train and a train of the Chicago, Milwaukee and St. Paul Railway Company, by which he was killed. A trial was had in the court below before the court and a jury, resulting in a verdict and judgment in favor of the plaintiff for $5,000. The court is of opinion that the evidence sustains the verdict. Opinion PER CURIAM. Judge below, JOSEPH E. GARY. Attorneys, for appellant, Mr. B. C. COOK and Mr. W. B. KEEP ; for appellee, Mr. MASON B. LOOMIS and Mr. LEWIS MUNSON. Opinion filed Jan. 6, 1886.

No. 2239. Daniel H. Horne v. John Walton. This was an action on the case for fraud and deceit, brought by appellee against appellant in the Circuit Court of Cook county, resulting in a verdict and judgment for appellee for $2,900. It appears that appellee had $2,000 deposited in the Illinois Trust and Savings Bank, and the evidence tended to show that he was induced by the representations of appellant to withdraw the money from the bank, and allow appellant to

loan it upon the security of a note and mortgage purporting to be executed by one Carpenter, of Cincinnati, for whom appellant claimed to be agent, which security was worthless, and known to be so by appellant when obtaining the money from appellee, whereby the money was wholly lost. The question as to the alleged fraud was peculiarly one for the consideration of the jury, and the court is of opinion that the jury were justified in finding that the charge of fraud was proven as alleged and that the verdict is supported by the evidence. Daniel H. Horne v. Sarah A. Walton, No. 126—2240, is affirmed for the same reason as the above. Opinion PER CURIAM. Judge below, KIRK HAWES. Attorney for appellant, Mr. L. H. CONDEE. Opinion filed Jan. 20, 1886.

No. 108—2222. William H. Burt v. C. J. Warrington. This was a suit growing out of certain transactions on the Board of Trade, in which appellant, plaintiff below, sues to recover damages for an alleged violation of duty on the part of the defendant in having sold, without notice to the plaintiff, certain grain purchased on the Board of Trade by the defendant as agent for the plaintiff, whereby the latter sustained a loss. There was a jury trial, resulting in a verdict for the defendant, and the plaintiff appealed to this court. It was contended on the part of the defendant, first, that the trades were rightly closed because of the failure of plaintiff to put up margins; and secondly, that even if not rightly closed, appellant's payment without objection of the balance claimed against him for margins, with knowledge of all the circumstances, was a waiver of his right of action. Between the two theories of the parties the jury adopted the defendant's, and in the conflicting state of the evidence this court can not say that their finding is not supported by the evidence. Opinion PER CURIAM. Judge below, JOSEPH E. GARY. Attorneys, for appellant, Mr. FARLIN Q. BALL; for appellee, Messrs. FAY & GRIGGS. Opinion filed Jan. 27, 1886.

No. 130—2244. John M. Hopkins et al. v. Thomas Foley et al. This was a creditor's bill brought by John M. Hopkins and others, as judgment creditors of Thomas Foley, to reach certain assets in which, as it is claimed, said Foley has some equitable interests, and to subject the same to the payment of